**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA**
__PENSACOLA__ **DIVISION**

## CIVIL RIGHTS COMPLAINT FORM
### TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

ANTEZ D. BARNES PRO SE
Inmate # M61216
(Enter full name of Plaintiff)

AMENDED COMPLAINT

vs.

M.D. ALLEN HD,
R/N K. ROSATI,
LPN MARY NICHOLS,
_____,
_____.

(Enter name and title of each Defendant. If additional space is required, use the blank area below and directly to the right.)

CASE NO: 3:16cv192-LC/EMT
(To be assigned by Clerk)

(A). EACH DEFENDANT ARE SUED IN THEIR EACH INDIVIDUAL CAPACITY FOR THEIR MALICIOUSLY MISCONDUCT.

(B). PLAINTIFF SEEK PUNITIVE DAMAGES AND COMPENSATORY AND NOMINAL DAMAGES.

(C). PLAINTIFF DEMAND TRIAL BY JURY.

### ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

P. (1)

**I.   PLAINTIFF:**

State your full name, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff: ANTEZ D. BARNES PRO.SE
Inmate Number: M61216
Prison or Jail: FLORIDA STATE PRISON
Mailing address: P.O. BOX 800
RAIFORD, FL 32083

**II.   DEFENDANT(S):**

State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for **every** Defendant:

(1) Defendant's name: ALLEN HO
    Official position: MEDICAL DOCTOR
    Employed at: CENTURY C.I. (LAST KNOWN)
    Mailing address: 400 TEDDER RD.
    CENTURY, FL 32535

(2) Defendant's name: K. ROSATI
    Official position: R/N
    Employed at: SANTA ROSA C.I. (LAST KNOWN)
    Mailing address: 5850 E MILTON RD
    MILTON, FL 32583

(3) Defendant's name: MARY NICHOLS
    Official position: LPN
    Employed at: SANTA ROSA C.I. (LAST KNOWN)
    Mailing address: 5850 E. MILTON RD
    MILTON, FL 32583

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

P (2)

### III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

**Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

### IV. PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A. Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes( )   No(✓)

1. Parties to previous action:
   (a) Plaintiff(s): N/A
   (b) Defendant(s): N/A
2. Name of judge: N/A   Case #: _____
3. County and judicial circuit: _____
4. Approximate filing date: _____
5. If not still pending, date of dismissal: N/A
6. Reason for dismissal: N/A
7. Facts and claims of case: N/A

(Attach additional pages as necessary to list state court cases.)

B. Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?
Yes( )   No(✓)

1. Parties to previous action:
   a. Plaintiff(s): N/A
   b. Defendant(s): N/A
2. District and judicial division: N/A
3. Name of judge: _____   Case #: _____
4. Approximate filing date: _____
5. If not still pending, date of dismissal: N/A
6. Reason for dismissal: N/A

P. (3)

7. Facts and claims of case: _____ N/A _____

**(Attach additional pages as necessary to list other federal court cases.)**

C. Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes( )   No(✓)

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
   a. Plaintiff(s): _____ N/A _____
   b. Defendant(s): _____ N/A _____
2. District and judicial division: _____ N/A _____
3. Name of judge: _____ Case #: _____
4. Approximate filing date: _____
5. If not still pending, date of dismissal: _____
6. Reason for dismissal: _____ N/A _____
7. Facts and claims of case: _____ N/A _____

**(Attach additional pages as necessary to list cases.)**

D. Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes( )   No(✓)

1. Parties to previous action:
   a. Plaintiff(s): _____ N/A _____
   b. Defendant(s): _____ N/A _____
2. District and judicial division: _____ N/A _____
3. Name of judge: _____ Case Docket # _____
4. Approximate filing date: _____ Dismissal date: _____
5. Reason for dismissal: _____

P (4)

6. Facts and claims of case: N/A

**(Attach additional pages as necessary to list cases.)**

## V. STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. Do not make any legal arguments or cite to any cases or statutes. You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. **(If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

(1). On Dec 28, 2012 while being housed at Calhoun C.I. in confinement I was rushed to Memorial Hospital in Jacksonville, FL due to me throwing up blood, not being able to use the restroom, and unable to consume foods or liquids. Once arriving at Memorial Hospital in Jacksonville, FL I was immediately rushed into surgery. My surgeon's name was Dr. Contarini. After the surgery was completed I woke up with a colostomy bag, 40 large staples going down my external area of my stomach, 1/3 of my internal stomach removed and internal sutures placed in me due to an old gunshot wound in Jun 26, 2007 to the lower spine, that had me paralyzed for 2 years. The old scar tissues caused a blockage and feces popped out my intestine, then dried up in my stomach causing me to have a bowel obstruction surgery. Dr. Contarini had me on a constant observation due to the colostomy bag and to view my bowel movements inside of me, seeing if my internal parts were cooperating with each other. On Jun 10, 2013 the colostomy bag was reversed and both external and internal area was properly closed. Jun 14, 2013 the rest of my staples were removed. Jun 26, 2013 expecting to go back to Calhoun C.I. I didn't because D.O.C administration transferred me to Century C.I. While being housed at Century C.I., I was still visiting Dr. Contarini ~~approximately~~ approximately Sept 26, 2013 was my last time I seen Dr. Contarini, which I had another follow up visit that was canceled by Dr. Ho.

(2). Dr. Ho was the medical doctor at Century C.I. who called me

P. (5)

IN FOR A SCREENING. HE ASKED ME QUESTIONS ABOUT MY SURGERY, FELT AROUND MY EXTERNAL AREA OF MY STOMACH AND INFORMED ME I HAD ANOTHER APPOINTMENT WITH DR. CONTARINI THAT HE WAS GOING TO CANCEL BECAUSE D.O.C. DOESN'T HAVE THE MONEY TO COVER THE SPECIALIST FEES. BETWEEN THAT PERIOD I HAD NO FURTHER EVALUATIONS BY DR. HO UNTIL IN THE MONTH OF NOV 2013 WHEN THE INTERNAL SUTURES POPPED OUT OF ME CAUSING BLOOD AND PUS TO OOZE. ONCE I FELT THOSE SHARP PAINS AROUND THE INTERNAL PARTS OF MY STOMACH, I DECLARED A MEDICAL EMERGENCY. THE NURSE PLACED ME IN TO SEE DR. HO. UPON SEEING DR. HO HE INFORMED ME THERE'S NOTHING HE COULD DO BECAUSE THE SUTURES AREN'T STICKING OUT FAR ENOUGH TO BE CUT. DR. HO THEN PLACED ME ON WOUND CARE FOR A WEEK. I CONTINUED TO DO SICK CALLS COMPLAINING TO DR. HO ABOUT HOW I NEED SUPPLIES TO KEEP THE BLOOD AND PUS FROM OOZING ON MY CLOTHES WHICH IS A HEALTH HAZARD AND SHARP PAINS I'M FEELING IN ME. A SKIN RASH FORMED AROUND MY OPEN WOUND BECAUSE OF THE BLOOD AND PUS SPREADING AROUND THE CLOTHES AND OUTER SKIN. DR. HO DISREGARDED MY COMPLAINING OF THE MEDICAL ATTENTION AND SUPPLIES NEEDED TO SUSTAIN THE BLOOD AND PUS FROM OOZING AND THE CONSTANT SHARP PAINS IN MY STOMACH. DR. HO CONTINUED TO INFORM ME TO ALLOW THE WOUND TO HEAL ON IT'S OWN. I CONTINUED TO DO NUMEROUS OF SICK CALLS BECAUSE BLOOD AND PUS CONTINUE TO OOZE ON ME; THAT'S WHEN I GRIEVED THIS ISSUE. IN APR OR MAY, 2015 WHILE IN CONFINEMENT I DECLARED A MEDICAL EMERGENCY DUE TO COMPLICATIONS IN MY STOMACH AREA (BLOOD AND PUS OOZING AND CONSTANT SHARP PAINS) UPON BEING SEEN BY THE NURSE SHE INFORMED ME THAT SHE'LL PUT ME IN FOR THE DOCTOR BUT MUST WAIT UNTIL A NEW DOCTOR ARRIVES BECAUSE DR. HO WAS LEAVING. SHE LOOKED AT MY OPEN WOUND CLEANED AROUND THE AREA, SUPPLIED ME WITH A COUPLE BANDAGES AND TOLD ME SHE'LL BE BACK TO CLEAN IT AGAIN NEVER SEEN ANYONE AS ABOUT THIS ISSUE.

    (3). I WAS TRANSFERRED TO SANTA ROSA C.I. ON JUN 31, 2015. UPON BEING HOUSED AT SANTA ROSA C.I., I IMMEDIATELY SPOKE TOO LPN MS. NICHOLS ABOUT MY CONDITION ON THE BLOOD AND PUS OOZING AN THE SHARP PAINS DUE TO THE SUTURES POKING AROUND INSIDE ME. SHE INFORMED ME THAT SHE COULDN'T DO ANYTHING ON ME SEEING A DOCTOR UNTIL THE SUTURES STICK OUT AT A CERTAIN LENGTH TO BE CUT. I ASKED ABOUT THE BLOOD AND PUS THAT'S OOZING FROM MY INCISION. SHE STATED SHE'LL

(SEE) CONTINUATION PAGE (6)(B)

# Continuation of Statement of Facts

place me in for wound care, never was seen for wound care. LPN Ms. Nichols disregarded the blood and pus oozing from my stomach and the constant sharp pains. She neither prescribed medicine for the infection nor for the pain. My entire time at Santa Rosa C.I., I've done numerous of sick calls about the blood and pus oozing from my stomach and the sharp pains. She continued to not answer my issues.

(4). I wrote another sick call and seen R/N Ms. Rosati, upon seeing R/N Ms. Rosati I found out she was also the institutions wound care nurse. She cleaned my wound, asked some questions and stuck some yellow sticky gauze on me. I asked what's the yellow sticky gauze was for, she informed me it's to seal the outside of the wound. I then asked about the blood and pus, she stated she'll put me in to see Ms. Nichols, so she could prescribe me medication. LPN Ms. Nichols and R/N Ms. Rosati continued to ignore the blood and pus that's oozing from my stomach and constant sharp pains. By R/N Ms. Rosati being a wound care nurse seeing blood and pus constantly oozing from an individuals body should have immediately taken further actions. I've grieved this issue in Dec, 2015 and Jan, 2016.

(5). Due to D.O.C administrations all close management 1 inmates that were housed at Santa Rosa C.I. were transferred to Florida State Prison because Santa Rosa C.I. wasn't a close management 1 institution anymore. Upon my arrival at Florida State Prison on Jan 21, 2016 medical attention and medical supplies were issued immediately. Doctor's at Florida State Prison put me on numerous of weeks of wound care, put me on antibiotic pills for 2 weeks and sent me to RMC to get a sonogram to see if it's any fluid around the wound area as well. Sonogram results came back showing it's something still nested inside of me. Was informed by Florida State Prison doctor's I'll need to be recut open to subdue this matter but they're going to do institutional procedures first and monitor me. Doctor's have me on a constant screening, they've also issued me dry gauze to absorb the drainage. I'm now waiting on next appointment to see what's the doctor's next step on this issue.

p.(6)(B)

## VI. STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

PLAINTIFF CONTEND THAT EACH DEFENDANTS ACTION CONSTITUTE DELIBERATE INDIFFERENCE FAILING TO SEND PLAINTIFF OUTSIDE MEDICAL TO A SPECIALIST TO GET RESURGERY DONE ON PLAINTIFF IN VIOLATION OF PLAINTIFF 8TH U.S. CONSTITUTION
(SEE) CONTINUATION PAGE (7)(B)

## VII. RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

(SEE) CONTINUATION PAGE (7)(C)

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

6-2-16
(Date)

Antay D. Barnes
(Signature of Plaintiff)

### IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one):
☐ delivered to prison officials for mailing or ☒ deposited in the prison's internal mail system on: the 2ND day of JUNE, 20 16.

Antay D. Barnes
(Signature of Plaintiff)

Revised 03/07

P.(7)

# STATEMENT OF CLAIMS

(1). DEFENDANT ALLEN HO ACTIONS VIOLATED PLAINTIFF 8TH U.S. CONSTITUTION UNDER COLOR OF STATE LAW WHEN DEFENDANT ALLEN HO KNOWINGLY INTENTIONALLY FAIL TO SEND PLAINTIFF OUTSIDE MEDICAL TO GET SURGERY TO REMOVE DEADLY INFECTION OUT OF PLAINTIFF BODY WHICH FURTHER WORSEN PLAINTIFF CONDITION TO PHYSICAL INJURY PLAINTIFF WITH GREAT BODILY HARM WHICH ACTION CONSTITUTE DELIBERATELY INDIFFERENCE IN VIOLATION OF PLAINTIFF 8TH U.S. CONSTITUTION.

(2). DEFENDANT MARY NICHOLS ACTIONS VIOLATED PLAINTIFF 8TH U.S. CONSTITUTION UNDER COLOR OF STATE LAW WHEN SHE KNOWINGLY FAIL TO PLACE PLAINTIFF IN TO SEE THE MEDICAL DOCTOR SO PLAINTIFF CAN GET ADEQUATE MEDICAL TREATMENT TO GET DEADLY INFECTION REMOVE OUT OF PLAINTIFF BODY ACT WAS DONE WITH A MALICIOUSLY AND SADISTICALLY INTENT TO PHYSICAL INJURY PLAINTIFF WITH GREAT BODILY HARM WHICH CONSTITUTE DELIBERATELY INDIFFERENCE IN VIOLATION OF PLAINTIFF 8TH U.S. CONSTITUTION.

(3). DEFENDANT K. ROSATI ACTIONS VIOLATED PLAINTIFF 8TH U.S. CONSTITUTION UNDER COLOR OF STATE LAW WHEN SHE KNOWINGLY FAIL TO PLACE PLAINTIFF IN TO SEE THE MEDICAL DOCTOR SO PLAINTIFF CAN GET ADEQUATE MEDICAL TREATMENT TO GET DEADLY INFECTION REMOVE OUT OF PLAINTIFF BODY ACT WAS DONE WITH A MALICIOUSLY AND SADISTICALLY INTENT TO PHYSICAL INJURY PLAINTIFF WITH GREAT BODILY HARM WHICH CONSTITUTE DELIBERATELY INDIFFERENCE IN VIOLATION OF PLAINTIFF 8TH U.S. CONSTITUTION.

# CONTINUTION OF RELIEF SOUGHT

(1). DEFENDANT ALLEN HO, ARE SUED 250.000. DIRECT IN HIS INDIVIDUAL CAPACITY UNDER COLOR OF STATE LAW FOR FAILING TO SEND PLAINTIFF OUTSIDE TO A SPECIALIST TO GET RESURGERY DONE CONSTITUTE DELIBERATELY INDIFFERENCE TO A SERIOUS MEDICAL NEED IN VIOLATION OF PLAINTIFF 8TH U.S. CONSTITUTION.

(2). DEFENDANT MARY NICHOLS, ARE SUED 190.000. DIRECT IN HER INDIVIDUAL CAPACITY UNDER COLOR OF STATE LAW FOR FAILING TO PLACED PLAINTIFF INTO SEE A DOCTOR TO PLACED PLAINTIFF INTO SEE A SURGERY SPECIALIST SO PLAINTIFF CAN HAVE RESURGERY DONE ON HIM CONSTITUTE DELIBERATELY INDIFFERENCE TO A SERIOUS MEDICAL NEED IN VIOLATION OF PLAINTIFF 8TH U.S. CONSTITUTION.

(3). DEFENDANT K. ROSATI, ARE SUED 178.000. DIRECT IN HER INDIVIDUAL CAPACITY UNDER COLOR OF STATE LAW FOR FAILING TO PLACED PLAINTIFF INTO SEE MS. NICHOLS SO PLAINTIFF CAN BE PLACED INTO SEE A MEDICAL DOCTOR TO BE PLACED IN TO SEE A SURGERY SPECIALIST CONSTITUTE DELIBERATELY INDIFFERENCE TO A SERIOUS MEDICAL NEED IN VIOLATION OF PLAINTIFF 8TH U.S. CONSTITUTION.

(4). PLAINTIFF REQUESTING 100.000. BE ASSESSED IN PUNITIVE DAMAGES AGAINST EACH DEFENDANT SEPARATELY AND JOINTLY FOR PLAINTIFF PHYSICAL PAINS AND SUFFERING.

(5). PLAINTIFF REQUESTING 75.000. IN NOMINAL DAMAGES BE ASSESSED AGAINST EACH DEFENDANT FOR THEIR MISCONDUCT VIOLATING PLAINTIFF 8TH U.S. CONSTITUTION WITH A KNOWINGLY MALICIOUSLY INTENT TO INJURY PLAINTIFF.

(6). PLAINTIFF REQUESTING A DEMAND TRIAL BY JURY.

(7). DEFENDANT'S COVER ALL MEDICAL FEES AND COURT FEES.

P. (7)(C)

Mailed from a State Correctional Institution

ANTEZ D. BARNES M61216
FLORIDA STATE PRISON
P.O. BOX 800
RAIFORD, FL 32083

U.S. DISTR[ICT]
100 N. PALAF[OX]
PENSACOLA, FL